UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELTER INSURANCE,<br><br>    **Plaintiff,**<br><br>vs.<br><br>DONALD L. SWANN,<br>and TINA MARIE SWANN,<br><br>    **Defendants.** | Cause No. 3:20-cv-00717-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff, Shelter Insurance, filed a declaratory judgment action in this Court on July 22, 2020, against Defendants, Donald L. Swann and Tina Marie Swann. (Doc. 1). On March 16, 2015, Defendants lost their home, located at 549 Saint Clair Road in Fairview Heights, Illinois, to a fire. (Doc. 11, p. 1). The Plaintiff seeks a declaration that it satisfied any and all obligations to the Defendants under the homeowners' policy, policy no. 12-71-3562645-1, that it issued to the Defendants, effective April 3, 2015 through April 3, 2016. (Doc. 1, ¶¶ 1, 14). Before the Court is Defendant Tina Swann's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. (Doc. 5). For the reasons delineated below, the Court **DENIES** Defendant's motion to dismiss.

**FACTUAL ALLEGATIONS**

In Plaintiff's declaratory judgment action, filed in this Court on July 22, 2020, Plaintiff asserts that the action is properly before this Court under the diversity of citizenship requirement in 28 U.S.C. § 1441. (Doc. 1, ¶ 5). Further, Plaintiff asserts that the action satisfies the 28 U.S.C. § 1332(a)(1) $75,000 amount in controversy requirement. (Doc. 1, ¶ 6). Plaintiff's declaratory judgment action seeks a declaration on six different issues.[1]

It is undisputed that after the fire loss on March 15, 2016, the Plaintiff made a series of payments to the Defendants. (Doc. 5, ¶ 10). First, Plaintiff adjusted the dwelling loss claim and then made two payments to the Defendants, on August 2, 2016 and March 24, 2017, based on replacement cost, which totaled $96,683.71. (Doc. 11, p. 2). Second, Plaintiff adjusted the Defendants' personal property claim and paid Defendants $41,626.29, over the course of six payments between May 2, 2016 and April 7, 2017. (Doc. 11, p. 2). Finally,

---

[1] Specifically, the Complaint for Declaratory Judgment seeks a declaration that:

(1) Shelter does not owe the insureds replacement costs; (2) Shelter does not owe the insureds additional living expense benefits; (3) Shelter does not owe coverage for Code Upgrades; (4) Shelter satisfied its payment obligations on April 7, 2017; (5) the insureds waived any claims after Shelter satisfied its payment obligations on April 7, 2017; and (6) the insureds do not have a right to an appraisal.

(Doc. 1, ¶¶ 20-40).

Plaintiff paid the Defendants under their additional living expense coverage, which totaled $7,690.69. (Doc. 11, p. 2).

Plaintiff asserts that after it made the payments, it did not receive a response from the Defendants until late 2019, when Defendants claimed that Plaintiff still owed them further payment. (Doc. 11, p. 2). First, Defendants sent a letter dated December 6, 2019, which alleged that Plaintiffs owed them an additional "$63,854.55+," and made a demand for an appraisal. (Doc. 1-2, pp. 2-4). The Defendants next letter claimed the additional amount owed as "$69,993.55+" and renewed the demand for an appraisal. (Doc. 1-2, pp. 11-14).

### LEGAL STANDARDS

This Court has diversity jurisdiction if the parties are citizens of different states and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The burden is on the party asserting that jurisdiction exists. *See County of Cook v. HSBC N. America Holdings Inc.*, 136 F. Supp. 3d 952, 958 (N.D. Ill. 2015). *See also Gonzalez v. Bank of America, N.A.*, No. 13-CV-3463, 2014 WL 26283, at *2 (N.D. Ill. Jan. 2, 2014)(stating that "the plaintiff bears the burden of establishing the basis for the court's jurisdiction"). When the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quotation omitted). The plaintiff must prove the "jurisdictional facts by a preponderance

of the evidence." *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Dismissal is warranted only if it is a "legal certainty" that the amount in controversy is actually less than $75,000. *See Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289 (1938).

"In suits seeking the equitable remedies of an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). The Seventh Circuit "adhere[s] to the rule that the value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment." *Id.* (quoting *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir. 1979)). This rule is called the "either viewpoint" rule, which provides that "the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief." *Uhl v. Thoroughbred Tech. and Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). *See also BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002)(stating that "the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit").

## ANALYSIS

In the motion to dismiss, Defendant argues that the Plaintiff has improperly conflated the amount in controversy with interests and costs. (Doc. 5, p. 2). Defendant argues that the settlement letters between the two parties support the proposition that the amount in controversy is merely $63,854.55, which fails to satisfy the $75,000

requirement in 8 U.S.C. § 1332(a) by $11,145.45. (Doc. 5, ¶ 3). In the supplement to the motion to dismiss, Defendant acknowledges that in subsequent correspondences with Plaintiff they claimed that Plaintiff owed them $69,993.55, but still asserted that this amount was $5,006.45 less than the amount in controversary requirement. (Doc. 6, ¶ 4). Defendant further argues that Plaintiff cannot include attorney's fees as a part of the amount and controversy requirement. (Doc. 7, p. 7).

Conversely, Plaintiff rebuts Defendant's argument by alleging that the amount in controversy requirement is satisfied in this case. (Doc. 11, p. 1). Specifically, Plaintiff's main contention is that the amount in controversy includes the expense of an appraisal and associated costs, which, on average, exceed $5,006.45, the amount needed to bring this claim in compliance with the amount in controversy requirement. (Doc. 11, p. 4).

First, the Court finds that an appraisal and associated costs should be included as a part of the amount in controversy. In Plaintiff's declaratory judgment action, Plaintiff alleges that Defendants do not have a right to an appraisal. (Doc. 1, ¶ 40). However, Defendant makes clear in multiple letters sent to the Plaintiff, that they demand an appraisal. (Doc. 1-2, pp. 4, 13). Thus, the right to an appraisal and the associated costs are in contention in this case. In accordance with the Seventh Circuit's "either viewpoint" rule, which provides that "the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief," appraisal costs should be included in the amount in controversy. *See Uhl v. Thoroughbred Tech. and Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). The appraisal and associated costs

would be an additional expense imposed on the Plaintiff if relief was granted to the Defendants.

Moreover, in *Adams v. American Family Mut. Ins. Co.*, the court held that "costs incurred by a defendant in complying with an injunction or declaratory judgment, including the "gap" between the parties' calculations of benefits owed, constitute appropriate considerations in determining the amount in controversy." 981 F. Supp. 2d 837, 849 (S.D. Iowa 2013). Specifically, that court held that the amount in controversy was met, which "include[d], at a minimum, appraisal costs, benefit payments that may be awarded through the appraisal process, and attorneys fees." *Id.* at 850-851. *See also Bernert v. State Farm Fire and Cas. Co.*, No. 10-12359, 2012 WL 1060089 at *1 (E.D. Mich. Mar. 29, 2012)(stating that "the amount-in-controversy requirement was satisfied by virtue of a difference of over $90,000 in the parties' estimates of the cost to repair the damage to Plaintiff's residence . . ."). Therefore, the appraisal expense and associated costs are a part of the amount in controversy.

In addition, the Plaintiff proffers evidence regarding the average expense of an appraisal and associated costs. Plaintiff asserts that the average appraisal fee under their policy is $2,960.53, with the most expensive appraisal fee being $5,276.25. (Doc. 11-1, ¶ 4). Plaintiff's policy also includes a provision providing for an umpire if the parties cannot agree after an appraisal. (Doc. 11, pp. 4-5). Plaintiff proffers further support that the cost of an umpire ranges from $500 to $2,500. (Doc. 11-1, ¶ 6). Based, on the average cost of appraisal and the potential cost of an umpire, the Plaintiff has proved by a preponderance

of the evidence that costs would amount to $5,006.45 or greater, which satisfies the $75,000 jurisdictional threshold requirement.

Therefore, this Court finds that there is not a "legal certainty" that the amount in controversy is actually less than $75,000. The appraisal expense and related costs are a disputed amount that the Plaintiff would incur if relief was granted for the Defendants. Based on the average cost of an appraisal and an umpire, the Plaintiff has demonstrated by a preponderance of the evidence that at least $5,006.45, which is the deficit between the $69,993.55 claimed by the Defendants and the $75,000 jurisdictional requirement, would be incurred by the Plaintiff. Thus, the $75,000 amount in controversy requirement in 8 U.S.C. § 1332(a), is satisfied in this case.

## CONCLUSION

For the above-stated reasons, the undersigned **DENIES** Defendant's motion to dismiss. (Doc. 5).

**IT IS SO ORDERED.**

Dated: October 29, 2020.

Digitally signed by Judge Sison 2
Date: 2020.10.29 14:11:56 -05'00'

GILBERT C. SISON
United States Magistrate Judge